**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUAN B. PONCE,** | § | |
| | § | |
| **V.** | § | **A-10-CA-940-LY** |
| | § | |
| **THE STATE OF TEXAS,** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

A municipal court jury found Petitioner guilty of failing to notify the department of public safety of a change of address for his driver's license, for which he was fined $200, and of failing to maintain financial responsibility, for which he was fined $350. See TEX. TRANSP. CODE ANN. § 521.054 (West Supp. 2009), § 521.461 (West 2007), § 601.191 (West 1999). Petitioner appealed to the county court at law, which affirmed the convictions. See TEX. GOV'T CODE ANN. § 30.00014 (West Supp. 2009). Petitioner then appealed to the Third Court of Appeals of Texas, which also

affirmed the judgment.  Ponce v. State, No. 03-09-00441-CR, 2010 WL 1730047 (Tex. App. – Austin 2010, pet. ref'd).

## II.  DISCUSSION AND ANALYSIS

**A.    Jurisdiction**

Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). Numerous courts have held that the imposition of traffic tickets or fines or even the suspension of driving privileges is not a severe enough restraint on a petitioner's liberty to satisfy the "in custody" requirement of the habeas corpus statute.  See United States v. Segler, 37 F.3d 1131, 1135-37 (5th Cir. 1994).(a fine does not satisfy the "in custody" requirement for § 2255 purposes); Lillios v. State of N.H., 788 F.2d 60, 61 (1st Cir. 1986)(fines and driver's license suspensions imposed upon petitioner were not the sort of severe restraint on individual liberty for which habeas relief was reserved, and thus did not satisfy the "in custody" requirement of the habeas corpus statute); Harts v. State of Ind., 732 F.2d 95, 96-97 (7th Cir. 1984)(one year suspension of petitioner's driving privileges for refusing to submit to a breathalyzer test does not satisfy "in custody" requirement); Westberry v. Keith, 434 F.2d 623, 624-625 (5th Cir. 1970)(petitioner who had been fined and whose state driver's license had been revoked upon conviction for traffic violation was not "in custody" as required by § 2254). Because Petitioner was only fined for his traffic violations, the Court is without jurisdiction to consider Petitioner's application.

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for want of jurisdiction.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of December, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE